6838

DEVLIN v. CHARLESTON & WESTERN CAROLINA RY.

1. RAILROADS—NEGLIGENCE—COMMUNICATED FIRES.—The evidence here as to defendant permitting its engine to stand for an unreasonably long time on its track emitting sparks and burning clinkers at a point opposite a warehouse, from which to the track there was combustible matter, and as to the course of the fire, warranted sending to the jury the issue of fire communicated to adjoining warehouse by negligence of the railroad company.

2. IBID.—COMMUNICATED FIRES.—That one storing goods in a warehouse knew that the owner had contracted with the railroad company in consideration of the right to build the warehouse on its right of way to save it harmless against loss occurring from any cause by the company, does not affect the right of the storer to recover of the company for any loss he might sustain from fire communicated by the company's engine.

3. NEW TRIAL—ALLEGATION AND PROOF.—A verdict within the allegations and proof will not be disturbed merely because it is claimed to be excessive. Where variance between proof and allegation is deemed material, injured party should move under Section 190 of Code of Procedure for relief.

Before C. C. FEATHERSTONE, Special Judge, Greenwood, April, 1907. Affirmed.

Action by O. E. Devlin *et al.* against Charleston and Western Carolina Railway. From judgment for plaintiffs, defendant appeals.

*Messrs. S. J. Simpson* and *McGhee & Richardson,* for appellants. *Messrs. McGhee & Richardson* cite: *Only ordinary care is required of railway:* Hunter v. Ry., 41 S. C.; 24 A. & E. R. R. C., 606. *Plaintiffs are estopped from prosecuting this action:* 6 A. & D., 469-474; Green Ev., par. 32.

*Messrs. Sheppards, Grier & Park,* contra. *Messrs. Grier & Park* cite: *Fire was caused by defendant's negligence:* 19 S. C., 54; 68 S. C., 119. *Contract between owner of warehouse and railway does not bar this action:* 2 Thomp. on Neg., Sec. 2237; 29 L. R. A., 755; 13 Ency., 427. *Remedy in case of material difference between allegation and proof:* Code of Proc., 190, 191; 3 S. C., 410; 33 S. C., 576; 6 S. C., 138; 17 S. C., 589; Pom. R. & R., Sec. 544.

April 1, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. A lot of cotton seed belonging to plaintiffs and stored in the warehouse of their father, R. H. Devlin, located on defendant's right of way near the track, at Verdery, Greenwood County, was destroyed by fire on October 30, 1906, and this action was brought to recover damages therefor under allegations that the fire was the result of defendant's negligence. From a verdict and judgment in favor of plaintiffs for $516.75, defendant appeals.

The first contention is that there was error in refusing the nonsuit, made on the ground that there was no evidence of negligence. It was proper to refuse nonsuit. There was evidence tending to show that defendant, without necessity therefor, permitted its engine to remain stationary for about an hour immediately opposite the Scott warehouse adjoining the Devlin seed house, in

which was stored hay and other articles; that the bottom planks of said warehouse were off; that combustible materials, such as paper and leaves, were allowed to be upon the right of way from track to warehouse; that while the engine was standing by said warehouse it emitted sparks of fire and that burning clinkers of coal were thrown out upon the track; that about thirty minutes after the engine left it was discovered that the end of the Scott warehouse next to the track was on fire, the fire apparently starting from the ground and going up the wall, and that said fire was communicated to the Devlin seed house and destroyed plaintiff's cotton seed. There is no evidence that the fire originated in any other way than from defendant's engine, and there was testimony tending to show that coals of fire, apparently thrown out of the engine, were burning on the track when the end of the Scott warehouse was discovered to be on fire, and that there was appearance that material had been burned between the track and warehouse.

This testimony afforded some evidence that the fire was the result of defendant's negligent use of its engine under the circumstances.

Appellant's next contention is that the Court erred in excluding from evidence a written contract between the defendant company and R. H. Devlin, the father of plaintiffs and owner of the seed house in which plaintiffs' cotton seed were stored. One of the plaintiffs signed for R. H. Devlin and both signed as witnesses to the contract. Under the contract, dated February 20, 1904, R. H. Devlin acquired the right to erect the seed house on defendant's right of way, in which R. H. Devlin engaged, among other things, "to save the defendant harmless from all damage to any person that may partly or wholly arise from or be traceable to the occupancy of said premises by the party of the first part or any other person, whether such damage be caused by the negligence of the company's employees, or from any other cause whatsoever."

Appellant contends that this contract was admissible on the ground that if plaintiffs stored their property in that house with knowledge of said agreement, that fact would tend to show estoppel and contributory negligence. It was not error to exclude the instrument, as it did not appear that plaintiffs were parties thereto or were bound thereby as lessees or assignees so as to place them in privity with R. H. Devlin. The allegation of the complaint and the proof was to the effect that the seed house *belonged* to R. H. Devlin and plaintiffs had *stored* therein the cotton seed.

Conceding that plaintiffs had knowledge of the terms of the contract they could only know that R. H. Devlin had agreed to insure the building and contents and indemnify the defendant against loss occurring as in this case, a matter not affecting their right to recover of defendant for any loss they might sustain through defendant's negligence. This point was expressly so ruled in *King* v. *Southern Pacific Co.* (Cal.), 29 L. R. A., 755.

The last alleged ground of error is that there was no evidence to support the amount of the verdict. There was evidence that plaintiffs lost by fire forty tons of cotton seed worth probably $16.15 per ton, amounting to $646.00, and the jury rendered a verdict for $516.75. The contention, however, is that the complaint alleged loss to the amount of $750.00 from destruction of cotton seed "stored in *a* seed house, etc," and that the proof was that the seed were in *two* seed houses adjacent and that two-thirds of the seed was in one house and one-third in the other, and that in no event should the recovery exceed two-thirds of $646.00—$436.66, or two-thirds of $750.00, the amount claimed—$493.33.

There is nothing to show that defendant was misled to his prejudice. Very probable both storing rooms were under a single roof, or one was a shed room attached to the other; at any rate both rooms or houses were the property of R. H. Devlin closely adjacent. If the variance between the proof and allegations was deemed material, defendant, under Sec-

tion 190 of the Code of Procedure, should have apprised the Court in what respect it was misled thereby to its prejudice, whereupon the Court could have ordered an amendment upon just terms. It is too late now to urge such objection. The exception must be overruled under the well-established rule that this Court will not disturb a verdict within the allegations and proof merely because it is claimed to be excessive.

The judgment of the Circuit Court is affirmed.